## C. AMIDON AND WIFE *v.* D. C. HOSLEY.

1. In an attempt to impeach a witness, evidence of what his reputation was *just before the suit was commenced* is admissible to determine his *present* character.
2. If the reports as to his reputation arose out of the pending controversy, this fact would materially lessen the weight of the testimony.

JURY trial, at the June Term, 1881, VEAZEY, J., presiding. Verdict and judgment for plaintiff. The case appears in the opinion.

*Burton & Munson* and *J. G. Martin,* for the plaintiffs.

*Martin & Eddy*, for the defendant.

The opinion of the court was delivered by

TAFT, J. But one question is presented in this case: the defendant introduced witnesses to impeach the reputation of the plaintiff Nancy for truth and veracity ; and their evidence tended to show, that it had been acquired since the commencement of the controversy between the parties, and since this suit was brought ; and testimony had been given that since the controversy and suit had begun, there had been a great deal of talk, that Nancy's reputation for truth was not good. The plaintiff then asked of a witness the question, " Up to the time this suit was brought, what was Nancy's reputation for truth and veracity as compared with

that of people in general ?" The court, against the defendant's objection, admitted the evidence, and this it is insisted was error.

The object of the impeachment of a witness, is to determine how much credit shall be given to the testimony, at the time it is given ; what is his then *present* character for truth ; and a foundation for such evidence must first be laid by showing that the witness *has* a reputation, that there is a common report as to his veracity ; and to determine this, it is proper to show its extent, how it originated, and what originated it, whether in the transaction out of which the controversy arose, or independent of it. If from the controversy itself, and since it commenced, its force and weight would be materially lessened. It has been held that opinions based upon reports circulated, after the litigation commenced, could not be used in impeachment ; that the reputation must be one that existed before the suit was brought. *Reid* v. *Reid*, 17 N. J. Eq. 101 ; but in this State, in *Sterling* v. *Sterling*, 41 Vt. 80, objection was made to the introduction of evidence relating to the reputation of the plaintiff, since the controversy in question arose ; and the court held it admissible, PECK, J., remarking that the reasons urged against its admissibility went far to detract from its weight and damaging effect, and should be guarded by proper instructions to the jury as to the force to be given to it. If evidence of reputation based upon reports circulating immediately after the controversy began is admissible, we see no reason why evidence based upon those just before it, is not proper, and indeed the most effective, in determining the question. In Massachusetts the same question arose, and the court say : " The witnesses whom the defendant called to impeach Stone, having testified that his reputation for truth was good until the time of his failure and bad since, we think both parts of their testimony were properly submitted to the consideration of the jury." *Quinsigamond Bank* v. *Hobbs*, 11 Gray, 250. The case relied upon by the defendant is *Willard* v. *Goodenough*, 30 Vt. 393. In that case a distinct proposition was made to show the character of the defendant for truth fifteen years before the trial, and disconnected with the examination of the witness as to then *present* character. In our opinion the evidence was properly ex-

cluded; but the reasoning of the learned judge (BARRETT) who delivered the opinion, we think is conclusive in favor of the ruling of the court below in this case. It is unnecessary to quote from the opinion in that case, q. v., p. 397.

Let the judgment be affirmed.